UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CSC HOLDINGS, INC.,

                Plaintiff,

            v.

PHILLIP RANDAZZO,

                Defendant.

---

05 Civ.0312 (SCR)(GAY)

<u>ORDER ADOPTING
REPORT AND
RECOMMENDATION</u>

STEPHEN C. ROBINSON, District Judge:

      CSC Holdings, Inc. ("Plaintiff") brought this action under 47 U.S.C. § 553(a)(1) and § 605(a), alleging that Phillip Randazzo ("Defendant") purchased two "pirate" converter-decoder devices and intercepted the premium and pay-per-view programming of Plaintiff's subsidiary, Cablevision, without authorization. On October 17, 2005, this Court entered a default judgment against Defendant and referred the case to Magistrate Judge George A. Yanthis for a report and recommendation on the amount of damages and reasonable attorneys' fees Plaintiff is entitled to recover.

      On December 12, 2005, Judge Yanthis issued his Report & Recommendation. He recommended that Plaintiff recover $2,000.00 in damages and $2,329.80 in attorneys' fees and costs. No objections to the Report & Recommendation have been received by my chambers or filed with the court.

      In reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a de novo determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636 (b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-674 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). As mentioned above, Defendant has not objected to Judge Yanthis's recommendation.

      Having reviewed the thorough and well-reasoned Report and having found no clear error, I accept and adopt the Report. Plaintiff seeks statutory damages in the amount of $2,000.00 based upon Defendant's purchase of two illegal devices, which is the minimum statutory amount for each violation and is reasonable under the circumstances of this case. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II) ("[T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . ."). Further, Plaintiff's request for attorneys' fees and costs in the amount of $2,329.80 is reasonable and supported by detailed contemporaneous

1

time records and an affidavit. *See* 47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiff is awarded damages in the amount of $2,000.00, attorneys' fees in the amount of $2,101.00, and costs in the amount of 228.80. The Clerk of the Court is directed to close this case.

*It is so ordered.*

White Plains, New York
Dated: ___Sept. 28___, 2006

_____
Stephen C. Robinson
United States District Judge